**Gregoria Vergara CONTI**
**(Sargent), Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-**
**TION SERVICE, Respondent.**

**No. 85–1160.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 6, 1985.
Decided Dec. 30, 1985.

Gary M. Spraker, Robert Holloway, Chicago, Ill., for petitioner.

Mary Reed, Dept. of Justice, Office of Immigration Litigation, Civ. Div., Washington, D.C., for respondent.

Before FLAUM and EASTERBROOK, Circuit Judges, and WILL, Senior District Judge.[*]

FLAUM, Circuit Judge.

Petitioner is a native of the Philippines who faces an order of deportation as a

---

[*] The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation.

result of her presence in the United States after the expiration of her visa. Conti appeals to this court from a decision of the Board of Immigration Appeals (hereinafter the "BIA") denying her motion to reconsider an earlier denial of a motion to reopen deportation proceedings for the purpose of seeking an adjustment of status. In addition, petitioner also attempts to directly challenge the Immigration and Naturalization Service ("INS") District Director's denial of her immediate relative visa petition. We affirm the BIA's refusal to reopen the deportation proceedings and find that jurisdiction over the INS' denial of the visa petition lies only in the district court.

## I.

Gregoria Vergara Conti was admitted into the United States as an inter-company transferee with a non-immigrant visa that authorized her to remain until September 26, 1978. Ms. Conti overstayed her visa and in the spring of 1979 she married Billy Sargent, a United States citizen. Shortly thereafter, on May 15, 1979, she filed an immediate relative visa petition and an application for permanent residence (hereinafter referred to as the I–130 petition) with the INS in Chicago, Illinois. Petitioner and her husband were interviewed twice by the INS in 1979 and were asked to return for a third interview on July 12, 1983. During the course of this last interview Mr. Sargent, for reasons that are not apparent from the record, stormed out of the INS office leaving his wife behind. Ms. Conti was taken into custody and deportation proceedings were commenced. At this time the INS verbally denied the 1979 I–130 petition; no written notification as required by INS Regulations was ever provided.

At her deportation hearing Ms. Conti, with the advice of counsel, admitted to all the allegations in the Order to Show Cause, which dealt primarily with her alienage and the fact that she overstayed her visa, and agreed to voluntary departure. No mention of the I–130 petition was made during the course of the hearing. On October 18, 1983 petitioner filed a motion to reopen deportation proceedings. This motion was denied by the immigration judge for the dual reasons that (1) the petitioner failed to attach the documentation required by 8 C.F.R. § 3.8(a),[1] and (2) the motion failed to present new evidence that petitioner could not have produced at trial as required by 8 C.F.R. § 242.22.[2]

Following the denial by the immigration judge of a second motion to reopen in which petitioner sought to apply for political asylum, Ms. Conti appealed to the Board of Immigration Appeals. The BIA denied her motion to reopen and her subsequently-filed motion for reconsideration of the Board's denial of her first motion. It is this final administrative action from which Ms. Conti appeals. The justification for the BIA's ultimate denial reflected the same two themes that appeared throughout the petitioner's INS experience: lack of required documentation and failure to present new arguments. First, the BIA found that Ms. Conti had not demonstrated *prima facie* eligibility for relief because no current visa petition was on file as required by section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a).[3] The

---

1. 8 C.F.R. § 3.8(a) provides in relevant part:
   ... Motions to reopen shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material....

2. 8 C.F.R. § 242.22 provides:
   A motion to reopen will not be granted unless the immigration judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing; nor will any motion to reopen for the purpose of

providing the respondent with an opportunity to make an application under § 242.17 be granted if respondent's right to make such application was fully explained to him/her by the immigration judge and he/she was afforded an opportunity to do so at the hearing, unless circumstances have arisen thereafter on the basis of which the request is being made.

3. Section 245(a), 8 U.S.C. § 1255(a) provides that:
   The status of an alien ... may be adjusted by the Attorney General, in his discretion and

position of the INS was that the initial I–130 petition was verbally denied on July 12, 1983 and that Ms. Conti had failed to renew it. Second, the BIA held that petitioner failed to comply with the INS regulations governing motions to reopen because "the motion was 'not based on material new evidence, previously unavailable or undiscoverable.'" Simply, Ms. Conti's marriage to an American citizen could not change her status as a deportable alien because of her failure to raise the issue in the proper forum, the deportation hearing.

While his wife was pursuing her cause through administrative channels, Mr. Sargent commenced an action in the district court for the Northern District of Illinois seeking an order preventing the deportation of his wife based on alleged improprieties in the INS handling of the I–130 petition. Judge McGarr granted a temporary stay of deportation pending the conclusion of the administrative consideration of her deportation. In its memorandum opinion of October 31, 1984, the district court noted that it was relying on assurances provided by counsel for the government "that if evidence of the I–130 could be presented, defendant would review it to see if this matter could be resolved administratively." [4] Mr. Sargent's suit was dismissed, according to the representations of his counsel at oral argument, pursuant to an understanding with the United States Attorney whereby the parties would not proceed in the district court pending the decision in the present appeal.

We read the petitioner's cryptic briefs as implicating, without articulating, two issues. First, the course of appeal indicates that the petitioner challenges the BIA's decision to deny her motion to reopen on the grounds of failure to comply with the procedural regulations of the INS. Second, Ms. Conti argues that the Chicago office of the INS did not properly adjudicate her I–130 petition for an immediate relative visa. This court cannot disturb the order of deportation for either reason.

## II.

This case is another in an increasingly long line of cases where an alien represented by counsel of questionable competence [5] fails to comply with the procedural rules of the INS and the federal courts are called upon to review the discretionary decision of the agency not to forgive past mistakes and hear the applicant's claim on the merits. Given the very limited nature and scope of the appellate review of INS actions, this court is not in a position to grant Ms. Conti relief regardless of the substantive validity of her claim. *See generally I.N.S. v. Rios-Pineda,* — U.S. ——, 105 S.Ct. 2098, 2103, 85 L.Ed.2d 452 (1985) ("In this government of separated powers, it is not for the judiciary to usurp Congress' grant of authority to the Attorney General by applying what approximates *de novo* appellate review.").

### Denial of the Motion to Reopen

■ Our review of the BIA's decisions with respect to Ms. Conti must start with the nature of the agency's "obligation" to reopen deportation proceedings. "Congress has not given deportable aliens a

---

under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigration visa is immediately available to him at the time his application is filed.

**4.** We caution the government against the use of assurances by counsel that the INS' actual practices will vary from the letter of its governing rules. *See Achacoso-Sanchez v. INS,* 779 F.2d 1260, 1265–1267, (7th Cir.1985). It is troubling in an area where the equities of a case so often conflict with the proper legal standards that courts may act in part in reliance upon the unenforceable and possibly unsubstantiated assurances of a government lawyer who lacks unput into the INS decision-making process.

**5.** It should be noted that petitioner's counsel on appeal did not represent her at the deportation hearing. Ms. Conti was unable to contact her counsel at the time of the hearing. As a result she retained the services of an attorney who happened to be in the Federal Building at that time.

right to the reopening of deportation proceedings. Quite the contrary, reopening is an invention of the Attorney General, who promulgated regulations establishing a procedure by which deportable aliens could present *new developments* to the Board." *Achacoso-Sanchez v. INS,* 779 F.2d 1260, 1263 (7th Cir.1985) (citing *Rios-Pineda,* 105 S.Ct. at 2100) (emphasis added). *See* 8 U.S.C. § 1255(a), *supra,* note 3. In structuring the mechanism whereby motions to reopen will be heard, the Attorney General has a "legitimate interest" in creating procedural requirements that must be complied with before the BIA reaches the merits of the aliens' claim. *See INS v. Jong Ha Wang,* 450 U.S. 139, 145, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981). As is the case with all matters relating to the BIA's decision to deny a motion to reopen, we will only disturb the procedural findings if it is established that the Board abused its discretion.[6] *Rios-Pineda,* 105 S.Ct. at 2103. The standard to be applied in this circuit was recently enunciated in *Achacoso-Sanchez:* " '[T]he denial will be upheld unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.' " 779 F.2d at 1265 (*quoting Williams v. INS,* 773 F.2d 8, 9 (1st Cir.1985) (*quoting Balani v. INS,* 669 F.2d 1157, 1161 (6th Cir.1982)).

We have stated in the past that the failure to comply with the procedural requirements for a valid motion to reopen "alone is normally sufficient to overcome the contention that the denial of such a motion was an abuse of discretion." *Tupacyupanqui-Marin v. INS,* 447 F.2d 603, 607 (7th Cir.1971) (*citing Novinc v. INS,* 371 F.2d 272, 273 (7th Cir.1967) (failure to comply with requirement of 8 C.F.R. § 3.8 mandating the attachment of documentary

support). *See also INS v. Jong Ha Wang,* 450 U.S. 139, 143 n. 5, 101 S.Ct. 1027, 1030, n. 5, 67 L.Ed.2d 123 (1981). Thus unless the BIA abused its discretion, within the meaning of *Achacoso-Sanchez,* in denying Ms. Conti's motion to reopen on procedural grounds, we must affirm the Board and sustain the order of deportation.

■ One of the grounds for the BIA decision was the failure by Ms. Conti to comply with 8 C.F.R. § 3.2, which requires that all grants of reopening of deportation proceedings be based on new evidence, unavailable at the deportation hearing. The petitioner's claim throughout has been that she is entitled to an adjustment of status based on her marriage to a United States citizen, that she properly petitioned the INS for a visa reflecting her new status, and that the INS never properly rejected her petition. This, she claims, establishes a *prima facie* case for relief. All this information was available to petitioner and her counsel prior to the deportation hearing; only counsel's unfamiliarity with Ms. Conti's case prevented all pertinent facts from being presented at this hearing. *See supra* note 5. While the BIA's alternative holding that the alien failed to have a pending visa petition filed as required for the establishment of a *prima facie* case is suspect because of the INS' questionable handling of the I–130 petition, the BIA did not abuse its discretion with the regard to the new evidence requirement and that ruling standing alone is sufficient to sustain the denial of Ms. Conti's motion. *See Tupacyupanqui-Marin,* 447 F.2d at 607.

### The Handling of the I–130 Petition

■ Petitioner has devoted the bulk of her argument to the merits and procedural handling of the INS' decision to deny her

---

**6.** Petitioner relies exclusively on dicta in *Mattis v. INS,* 756 F.2d 748, 751 (9th Cir.1985) for the proposition that the BIA has no discretion to deny a motion to reopen when a *prima facie* case has been made. Between the filing of the

briefs and oral argument the Supreme Court decided *Rios-Pineda* and on the basis of that decision the Ninth Circuit expressly disavowed this aspect of *Mattis* in *Vasquez v. INS,* 767 F.2d 598, 600 (9th Cir.1985).

immediate relative visa petition. Our appellate review of the BIA's decision is limited to issues within the jurisdiction of the Board; only the order of deportation and the issue of deportability are before this court, not collateral matters. *Cheng Fan Kwok v. INS,* 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968). *See* 8 U.S.C. § 1105a (§ 106 of the Immigration and Nationality Act). It is well-established that the INS District Director's decisions with regard to the disposition of a visa application is a collateral issue outside the purview of the BIA and thus the Court of Appeals.[7]

> The propriety of the District Director's decision on a change of status application cannot be reviewed as part of the deportation proceeding. Both the Immigration Judge and the Board of Immigration Appeals lack jurisdiction to review separate orders of the District Director. *Matter of Rios-Carrillo,* 10 I. & N. Dec. 291. Since the denial of a change of status application is not within the scope of the deportation hearing, it is not reviewable by a court of appeals under section 106(a). *De Figueroa v. Immigration and Naturalization Service,* 501 F.2d 191 (7th Cir.1974).

*Sadegh-Nobari v. INS,* 676 F.2d 1348, 1350 (10th Cir.1982). *See also Carvajal-Munoz v. INS,* 743 F.2d 562, 566 (7th Cir.1984); *De Figueroa v. INS,* 501 F.2d 191 (7th Cir. 1974); 8 C.F.R. § 204. If Ms. Conti wants to pursue her claim against the INS for rejecting her petition she must do so in the district court.

### III.

The decision of the Board of Immigration Appeals is AFFIRMED.

---

**7.** The District Director's granting of an immediate relative visa petition may come within the jurisdiction of the Board with regard to a deportation order since the ability to present an adjustment of status application to an immigration judge under Section 245(a) of the Act, *supra* note 3, requires that an immigration visa be presently available. If Section 245(a) was satisfied the adjustment application, which incorporates the visa petition, would be part of the deportation order and thus reviewable in this court under 8 U.S.C. § 1105a(a) (section 106(a) of the Immigration and Nationality Act.) *See De Figueroa v. INS, 501 F.2d 191, 193 (7th Cir. 1974).*