**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 4, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60744
Summary Calendar

_____

MOSTAFA TOUNSADI,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 329 401
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Mostafa Tounsadi petitions this court for review of the

Board of Immigration Appeals' ("Board") order affirming the

immigration judge's (IJ) denial of his request for a continuance

and the denial of his motion to reopen.  He also seeks to

challenge the District Director's denial of the I-130 visa

petition filed on his behalf.  This issue we have no jurisdiction

over.  See Liu v. INS, 645 F.2d 279, 284-85 (5th Cir. 1981); see

also Conti v. INS, 780 F.2d 698, 702 (7th Cir. 1985).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tounsadi avers that the Board abused its discretion by affirming the IJ's denial of his request for a continuance. He avers that the IJ's denial of his motion for continuance so that he could appeal the denial of his I-130 petition was "fundamentally unfair." The respondent asserts that we do not have jurisdiction over this issue. This argument is foreclosed by this court's opinions in Zhao v. Gonzales, 404 F.3d 295, 302-03 (5th Cir. 2005), and Manzano-Garcia v. Gonzales, 413 F.3d 462, 466 (5th Cir. 2005).

On a petition for review of a Board decision, we review factual findings for substantial evidence and questions of law de novo. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). We review the order of the Board and will consider the underlying decision of the IJ only if it influenced the determination of the Board. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 348 (5th Cir. 2002). We review the Board's affirmance of an IJ's denial of a continuance for abuse of discretion. Witter v. INS, 113 F.3d 549, 555-56 (5th Cir. 1997). An IJ may grant a continuance upon a showing of good cause. Id.

The pendency of a prima facie approvable petition for adjustment of status is good cause for the continuance of removal proceedings. In re Garcia, 16 I & N Dec. 653, 657 (BIA 1978). In this case, however, the petition was not prima facie approvable because it had been denied. The Board and the IJ, whose reasoning was adopted by the Board, adequately explained

the reasoning for their denial of Tounsadi's request for a continuance. Moreover, the IJ had previously continued Tounsadi's removal proceedings on 11 separate occasions, spanning a total of almost five years. Given these circumstances, the Board did not abuse its discretion by affirming the IJ's denial of Tounsadi's request for a continuance.

Tounsadi avers that the District Director's decision to deny his I-130 petition without the opportunity to have a hearing and confront his accusers was a violation of his due process rights. He contends that the District Director's finding of marriage fraud was not based on substantial and probative evidence since the Director failed to consider several missing documents which contradicted a finding of marriage fraud. The respondent avers that this court is without jurisdiction to review the District Director's finding of marriage fraud and the denial of Tounsadi's I-130 petition.

The respondent is correct. The merits of the I-130 petition are not before this court because this appeal is from the Board's denial of Tounsadi's motion for a continuance and the order of deportation; the IJ had no jurisdiction over the I-130 petition. See Liu, 645 F.2d at 284-85); see also Conti, 780 F.2d at 702 ("INS District Director's decision with regard to the disposition of a visa application is a collateral issue outside the purview" of an appeal of an order of deportation).

Tounsadi avers next that the Board erred in construing his motion to reopen as a motion for reconsideration. Tounsadi contends that because he sought to present the Board with "new evidence," which was not presented to the District Director, the motion was one to reopen, not to reconsider.

Tounsadi is incorrect that the Board erred in construing the motion to reopen as a motion for reconsideration. In the motion, he merely sought to introduce documents which he admits he submitted to the Board during the appeal of the visa petition. See 8 C.F.R. § 1003.2; Matter of Cerna, 20 I. & N. Dec. 399, 400 (BIA 1991). We also conclude that the Board did not abuse its discretion by denying Tounsadi's motion to reconsider because the motion failed to "identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." Zhao, 404 F.3d at 301.

Finally, Tounsadi claims that he is eligible for a waiver of the finding by the INS that he committed marriage fraud. There is a waiver provision at INA § 212(a)(6)(C)(iii), 8 U.S.C. § 1182(a)(6)(C)(iii), which provides that in certain limited circumstances the ground of inadmissibility found at INA § 212(a)(6)(C) for misrepresentation, may be waived, but this waiver provision, which relates to grounds of inadmissibility, has nothing to do with a finding of marriage fraud that makes an alien ineligible for an I-130 visa petition under INA § 204(c). Tounsadi's petition for review is DENIED.