In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-3077

SHEHZAD QAMARUDDIN PATEL,

*Petitioner,*

*v.*

ALBERTO R. GONZALES,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A95 925 155

ARGUED JULY 10, 2007—DECIDED AUGUST 8, 2007

Before BAUER, CUDAHY, and RIPPLE, *Circuit Judges.*

CUDAHY, *Circuit Judge.* When Shehzad Patel failed to appear at a hearing scheduled in his removal proceedings, the immigration judge ("IJ") ordered him removed *in absentia.* Patel faults his original attorney, who, he asserts, assured him that his absence would be excused. Patel retained new counsel to file a motion to reopen on his behalf; the motion was denied. On the eve of his removal, he retained yet another attorney and filed a second motion to reopen, asserting for the first time that his previous attorneys were ineffective. The Board of Immigration Appeals ("BIA") found that Patel had not complied with its procedural prerequisites for claiming ineffective assistance of counsel, *see In re Lozada,* 19 I. &

N. Dec. 637 (BIA 1988), and denied the motion. Because the BIA did not abuse its discretion in denying the second motion to reopen, we deny the petition for review.

## I.  Background

Patel is a citizen of Pakistan who overstayed his visa in 1996. The Department of Homeland Security initiated removal proceedings against him in 2003, and over the next twelve months, Patel attended a series of hearings with his attorney, Marshall Hong, at which he conceded removeability but sought to adjust his status based on an approved application for labor certification. Before each hearing Patel was sent a notice to appear warning him that he could be removed from the United States if he failed to attend. The notices stated that his attendance would be excused only in "exceptional circumstances," such as the "death of an immediate relative."

When Patel failed to attend his master calendar hearing on October 28, 2004, the IJ ordered him removed *in absentia*. Patel then received notice in December 2004 that he was scheduled to be removed in March 2005. Patel retained two new attorneys, Susan Fortino-Brown and Alexandra Baranyk, who in February 2005 filed with the IJ a motion to reopen and rescind the *in absentia* removal order. *See* 8 C.F.R. 1003.23(b)(4)(ii). They asserted that Patel skipped the hearing in Chicago to visit a dying friend in Dallas, Texas, and noted that the BIA has held that a close family member's illness may justify an alien's failure to attend a hearing. They argued that Patel considered his friend to be a "second mother" and so his absence should be excused. The IJ denied the motion, and in September 2005 the BIA affirmed. On March 17, 2006, Patel received notice that he was scheduled for removal on April 11, 2006.

On April 10—the day before his scheduled removal—Patel's current attorney, Raymond Sanders, filed the current motion to reopen with the BIA, arguing that all three of Patel's prior attorneys were ineffective. He attached to the motion two complaints that he had filed on April 6 with the Illinois Attorney Registration and Disciplinary Committee ("ARDC") (technically, the ARDC calls these "requests for investigation"); the first was directed against Hong and the second against Fortino-Brown and Baranyk. In the first complaint Patel accused Hong of assuring him that the IJ would grant a continuance if he skipped the hearing, and of failing to file a motion to reopen as promised after the IJ ordered Patel's removal. In the second complaint Patel claimed that Fortino-Brown and Baranyk were ineffective for failing to alert the BIA to "Hong's malfeasance."

The BIA denied the second motion to reopen because it found that Patel had not complied with the *Lozada* procedural requirements for basing a motion to reopen on allegations of ineffective assistance of counsel. Under *Lozada* the motion must include (1) an affidavit from the alien attesting to the relevant facts and setting forth a detailed account of the actions counsel agreed to take on his behalf, (2) evidence that former counsel was informed of the allegations and given the opportunity to respond, and (3) an explanation of whether the alien filed a complaint with appropriate disciplinary authorities and if not, why not. 19 I. & N. Dec. at 639. The BIA found that Patel had met neither the first requirement—his affidavit did not allow the BIA to "ascertain the scope of the work" that his prior attorneys had agreed to do—nor the second—there was no evidence that he notified the attorneys of his allegations.

Patel attached to his opening brief to this court Hong's response to his ARDC complaint. At no time did Patel give that response to the BIA, so it is not part of the adminis-

trative record, and Patel's inclusion of the response in his brief is improper. Regardless, Hong's response undercuts Patel's contention that he was the victim of deficient performance by Hong. According to Hong, Patel said he wanted to skip the October 2004 hearing to visit a sick uncle, not a dying friend. By his account, Hong repeatedly told Patel to attend the October 2004 hearing. After the IJ entered the removal order, Hong told Patel that he would file a motion to reopen only if Patel provided a physician's letter or death certificate showing that his uncle had died and documents establishing a family relationship. Patel failed to produce these documents, so Hong told him in December 2004 that he would not file a motion to reopen. Hong did not hear from Patel again until March 20, 2006, three days after Patel received notice of his imminent removal. On that day, Patel came to Hong's office and said that attorney Royal Berg had informed him that he would be deported unless Hong filed an affidavit with the BIA accepting responsibility for Patel's failure to attend the hearing. According to Hong, Patel even admitted telling Berg that Hong had advised him against skipping the hearing, and he offered Hong money to sign the affidavit Patel already had prepared. When Hong refused, Patel threatened to file an ARDC complaint.

Patel also attached to his opening brief Fortino-Brown's response to his ARDC complaint. Once again, this document was never given to the BIA, is not part of the administrative record, and is not properly included in Patel's brief. In her response, Fortino-Brown asserts that she did not argue in her motion to reopen that Hong was ineffective because after investigating she determined that his conduct had been "entirely proper."

## II. Discussion

Patel argues that the BIA should have been more flexible in applying *Lozada*, and asserts that his affidavits in support of his ARDC complaints, which he attached to the motion to reopen, fulfill the *Lozada* prerequisites. We review the BIA's denial of a motion to reopen for abuse of discretion. *Gomes v. Gonzales*, 473 F.3d 746, 752 (7th Cir. 2007).

Although aliens do not have a constitutional right to effective counsel, we have endorsed the BIA's decision to grant relief where, in its discretion, the BIA finds that an alien's claim has been undercut by bad lawyering. *See Magala v. Gonzales*, 434 F.3d 523, 525-26 (7th Cir. 2005); *Stroe v. INS*, 256 F.3d 498, 501 (7th Cir. 2001). The BIA established the *Lozada* requirements to filter out strategic claims of ineffective assistance, which often are filed for the purposes of delay. *See Lozada,* 19 I. & N. Dec. at 639; *Stroe*, 256 F.3d at 501. The *Lozada* requirements reduce the potential for abuse by providing information from which the BIA can assess whether an ineffective assistance claim has enough substance to warrant the time and resources necessary to resolve the claim on its merits. *See Lozada*, 19 I. & N. Dec. at 639.

The BIA is free to deny motions to reopen for failure to comply with *Lozada* as long as it does not act arbitrarily. *See Zeng v. Gonzales*, 436 F.3d 26, 31 (1st Cir. 2006). We have not expressly decided whether the BIA abuses its discretion by requiring strict compliance with *Lozada,* but several circuits have held that aliens only need to show substantial compliance. *See, e.g.*, *Yang v. Gonzales*, 478 F.3d 133, 142-43 (2d Cir. 2007); *Habachy v. Gonzales*, 471 F.3d 858, 864 (8th Cir. 2006); *Lu v. Ashcroft*, 259 F.3d 127, 133 (3d Cir. 2001). But because Patel did not fulfill two of the three *Lozada* requirements, he has not shown even substantial compliance. *See Barry v. Gonzales*, 445

F.3d 741, 746 (4th Cir. 2006) ("[A]n alien who fails to satisfy any of the three *Lozada* requirements will rarely, if ever, be in substantial compliance.").

*Lozada* requires that an alien first notify former counsel of the allegations and give counsel an opportunity to respond, and then file a complaint with the appropriate disciplinary authorities. 19 I. & N. Dec. at 639. This two-step notification requirement is a particularly important screening tool because in many cases it removes the need for an evidentiary hearing and enables the BIA to resolve ineffective-assistance claims on the basis of documentary submissions. *See In re Rivera-Claros*, 21 I. & N. Dec. 599, 604 (BIA 1996). By requiring the alien to give counsel an opportunity to respond *before* the motion to reopen is filed, *Lozada* discourages baseless allegations and ensures that a "'mechanism exists for allowing former counsel, whose integrity or competence is being impugned, to present his version of events if he so chooses.'" *Reyes v. Ashcroft*, 358 F.3d 592, 599 (9th Cir. 2004) (quoting *Lozada*, 19 I.& N. Dec. at 639). If former counsel admits to the alleged error, the inquiry ends and the BIA may resolve the claim on the merits. *See Fadiga v. U.S. Att'y Gen.*, No. 05-4910, 2007 WL 1720048, at *11 (3d Cir. June 15, 2007). But if former counsel denies the allegations, the alien must take the next step of either filing a formal complaint with the appropriate disciplinary authority or explaining why such a complaint is unwarranted. *See Lozada*, 19 I. & N. Dec. at 639. This second step increases the BIA's confidence in the claim's validity, reduces the need for an evidentiary hearing, and helps the BIA to police the quality of the immigration bar. *See Rivera-Claros*, 21 I. & N. Dec. at 605.

Here, Patel skipped over the first notification step and went straight to the second, filing ARDC complaints against former counsel just days before he filed his second

motion to reopen. To explain this approach, Patel argues at length that his imminent removal prevented him from providing former counsel an opportunity to respond to his claims. But this explanation is at best disingenuous. Patel knew as early as January 2005 (when he retained Fortino-Brown and Baranyk) that Hong had not filed a motion to reopen, and he knew at least by September 2005 (when the BIA denied the second motion to reopen) that Fortino-Brown and Baranyk did not raise an ineffective-assistance claim. Yet he did nothing to pursue the matter until March 2006, when he received another notice of his imminent removal, and only then did he retain present counsel to file an 11th-hour motion to reopen asserting that all three of his former counsel failed him. Patel never supplemented this motion with Hong's and Fortino-Brown's responses during the intervening three months before the BIA ruled. Had he done so, the BIA would have learned that Fortino-Brown did not believe there was any basis to claim that Hong was ineffective, and that Patel allegedly attempted to bribe Hong to sign a false affidavit saying he had erred and then threatened him when he refused.

Having deprived the BIA of the opportunity to review the substance of former counsel's responses, Patel submits them here to demonstrate that he fulfilled *Lozada*'s notification requirements. But because he did not submit them to the BIA, we cannot consider them as evidence of notification. *See Yadegar-Sargis v. INS*, 297 F.3d 596, 599 n.1 (7th Cir. 2002). And Patel points to no evidence properly before the BIA that contradicts its finding that he did not fulfill *Lozada*'s notification requirements. Patel asserts that the affidavits he attached to his ARDC complaints and filed with his motion show "sufficient oral notification," but the affidavits do not state that he expressed even dissatisfaction to his attorneys, let alone that he informed them of his plan to file a motion to

reopen based on their allegedly inept performance. He also relies on his present attorney's representations to the BIA that he informed former counsel of the allegations, but as the BIA explained, such representations do not constitute evidence. *See Singh v. INS*, 213 F.3d 1050, 1054 n.8 (9th Cir. 2000) (citing *In re Ramirez-Sanchez*, 17 I. & N. Dec. 503, 506 (BIA 1980)). Given this lack of evidence, the BIA did not abuse its discretion in concluding that Patel failed to comply with *Lozada*'s notification requirement.

We could deny the petition based solely on Patel's failure to meet one *Lozada* requirement, *see Barry*, 445 F.3d at 746, but here the BIA correctly found that Patel also failed to describe the scope of his representation agreement with his former counsel. Patel argues that the affidavits he submitted to the ARDC along with his complaints are sufficient to meet this requirement, but as the BIA noted, the affidavits do not reveal whether Fortino-Brown or Baranyk (or both) was responsible for his case, nor do they clarify whether Patel retained Hong to file a motion to reopen. The BIA's assertion that Patel should have submitted the "representation agreements" is puzzling, because *Lozada* and its progeny do not suggest that an alien need submit anything more than a detailed affidavit. Nevertheless, the crux of the BIA's finding is that Patel did not explain what actions his prior counsel were hired to undertake—and the record supports that finding. Indeed, it is unclear whether Patel himself knows whether all three attorneys were obligated to assist him—he states in his brief to this court that "he suffered at the hands of two (possibly three) attorneys." Given this ambiguity, the BIA did not abuse its discretion in finding that Patel did not meet the first *Lozada* requirement.

### III.  Conclusion

Because the BIA did not abuse its discretion in concluding that Patel did not fulfill two of the *Lozada* requirements, we deny the petition for review.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*