In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 19-1699

TOM TUDUJ,

*Plaintiff-Appellant*,

*v.*

STEVEN NEWBOLD, et al.,

*Defendants-Appellees*.

———————————

Appeal from the United States District Court for the
Southern District of Illinois.
No. 15-CV-1294-NJR-GCS — **Nancy J. Rosenstengel**, *Chief Judge*.

———————————

SUBMITTED APRIL 30, 2020* — DECIDED MAY 1, 2020

———————————

Before EASTERBROOK, SYKES, and ST. EVE, *Circuit Judges*.

PER CURIAM. Tom Tuduj, an Illinois prisoner, received the privilege of court-recruited counsel in this deliberate-indifference suit under 42 U.S.C. § 1983 about his dental care. After

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

counsel amended his complaint to comply with the Federal
Rules, staved off summary judgment for failure to exhaust,
and opposed another motion for summary judgment, Tuduj
asked to litigate pro se, unless his case was going to survive
summary judgment. Because the district court permissibly
denied his equivocal request, we affirm.

Tuduj has a long history of dental issues, and at times he
declined the treatment recommended. Before his incarcera-
tion in 2006, Tuduj had metal fillings replaced and root-canal
treatments. In 2009, shortly after his transfer to Menard Cor-
rectional Facility, a dentist at Menard saw more problems
with Tuduj's teeth and pulled two of them. A year later, a den-
tist examined another tooth that Tuduj had earlier injured. It
had an abscess and dead tissue, so the dentist urged removing
it—but Tuduj refused treatment. That dentist also scheduled
an extraction of a different tooth, but Tuduj skipped the ap-
pointment. The following year, another dentist offered Tuduj
treatment for severe tooth decay, but once again he never fol-
lowed up. After an examination a year later, the same dentist
recommended an x-ray to evaluate the need for oral surgery.
Tuduj refused the x-ray. At an examination two years later, a
dentist noted severe tooth decay and other problems. He rec-
ommended extractions and an x-ray; Tuduj again refused the
x-ray.

Starting in 2014, after experiencing some jaw problems,
Tuduj agreed to an x-ray and dental treatment. A dentist
found that some of Tuduj's teeth were unrestorable; he ex-
tracted one tooth, put Tuduj on the waiting list to restore an-
other, and recommended another extraction. When another
dentist told Tuduj the next month that his recent x-ray
showed the start of an abscess in one tooth, Tuduj consented

to an extraction after learning that a root canal was not available. Later, Tuduj wanted more treatment on account of severe tooth pain. Based on a new x-ray, a dentist concluded that two teeth were unrestorable and extracted them. A few months later, after Tuduj filed a grievance about a lost filling, a dentist confirmed the lost filling and received approval to have an oral surgeon extract three severely decayed teeth. After those extractions, this dentist planned to attempt to restore two other teeth. Because another tooth had broken during the extraction, the dentist later attempted to restore that tooth as well. Over the next few years, Tuduj's teeth continued to decay, and several more were removed. In late 2016, a dentist requested partial dentures for Tuduj; the request was initially denied, but the dentist successfully appealed, and Tuduj received partial dentures in mid-2017.

Tuduj initially sued 18 defendants, including three of his dentists, and other prison officials. The court recruited counsel to assist Tuduj in filing an amended complaint that complied with Rules 8 and 10 of the Federal Rules of Civil Procedure. The amended complaint alleged that the three dentists had been deliberately indifferent to Tuduj's serious dental problems by declining to consider alternatives to extraction, and that prison officials had a policy of denying appropriate dental care. Defendants moved for summary judgment twice. First, they argued, unsuccessfully, that Tuduj had not exhausted his administrative remedies. Defendants then moved for summary judgment on the merits (filing two separate motions). Tuduj's counsel filed a three-page brief opposing both motions.

While the motions for summary judgment were pending, Tuduj moved "for leave to represent himself." In his motion,

he explained that he was "concerned that his counsel has filed a structurally, technically and legally insufficient response doomed to be denied." He asked to file his own brief, except "in the event this Honorable Court deems counsel's response … legally sufficient and Grants same[,] Plaintiff would be open to continued effective representation of counsel … ." A magistrate judge denied Tuduj's motion. The judge explained that Tuduj "varie[d] between saying he would like to, and is competent to, represent himself and indicating that he is happy with counsel's representation as long as he prevails." His "desire to have counsel if he prevails but to represent himself if he does not fails to leave the Court with the firm conviction that it is proper to relieve counsel of his representation of Mr. Tuduj at this time."

With the motion for self-representation denied, the next day the district judge granted the pending motions for summary judgment. The judge observed Tuduj's "long history of treatment" and explained that Tuduj only "conjecture[d]" that the dentists should have used treatments other than those based on their professional judgment. As for the prison officials, the court concluded there was "no competent evidence" of any policy at Menard that unlawfully influenced dental-treatment decisions.

On appeal, Tuduj focuses solely on the denial of his request to represent himself. He argues that the court wrongly denied his right to proceed pro se under 28 U.S.C. § 1654 and under the due process clause, equal protection clause, and Seventh Amendment, because the right is "unqualified" if invoked unequivocally before trial.

In civil cases, the right to self-representation is statutory. *See* 28 U.S.C. § 1654 ("In all courts of the United States the

parties may plead and conduct their own cases personally or by counsel … .”). Tuduj does not challenge the constitutionality of this statute, so our analysis begins and ends with it. *See New York City Transit Auth. v. Beazer*, 440 U.S. 568, 582 (1979). He asks us to apply the statute as the court did in *O'Reilly v. New York Times Co.*, 692 F.2d 863 (2d Cir. 1982). That court ruled that “a party seeking to assert his statutory right of self-representation must clearly and unequivocally discharge any lawyer previously retained.” *Id.* at 868.

By the standard of *O'Reilly*, and regardless of whether we review the district court's decision to deny his request with deference or de novo, Tuduj must lose because he did not unequivocally seek to discharge his lawyer. To the contrary, he conditioned his request on whether the district court was persuaded by his lawyer's brief. Tuduj replies that, if he equivocated, he did so out of respect for counsel and the district court's decision to recruit an attorney for him. That may be, but in deciding motions, a district court reasonably takes movants “at their word” in those motions, rather than trying to divine some alternative meaning. *United States v. Chube II*, 538 F.3d 693, 697 (7th Cir. 2008). Tuduj's words were conditional: “in the event” that the court deemed his lawyer's brief sufficient, he remained “open” to his lawyer's continued representation. Furthermore, his lawyer had shown reasonable diligence in the case, amending the complaint and twice opposing summary judgment (once successfully). Without an unequivocal request for self-representation, the district court rightly denied the motion.

We have considered whether, on appeal, Tuduj has also challenged the entry of summary judgment on the merits. He has not. Despite filing an oversized opening brief on appeal,

in it Tuduj focuses solely on his belief that the magistrate judge erred in denying his motion for self-representation. He raises no challenge to the district court's summary judgment order. Defendants point out this failure in their response, and we agree with them that arguments not raised in an opening brief are waived. *See Lisle v. Welborn*, 933 F.3d 705, 722 n.4 (7th Cir. 2019). In any event, we have recounted at the start of this order the record in this case. It reveals no deliberate indifference.

As a final matter, we address Tuduj's motion in this court to correct or modify the record under Federal Rule of Appellate Procedure 10(e). Tuduj seeks leave to add thirteen affidavits from other inmates stating they also had teeth extracted that could have been saved with different treatment. But the affidavits were never part of the district court record and Rule 10(e) "does not give this court authority to admit on appeal any document which was not made a part of the record in the district court." *Midwest Fence Corp. v. U.S. Dep't of Transp.*, 840 F.3d 932, 946–47 (7th Cir. 2016) (quoting *Borden, Inc. v. Fed. Trade Comm'n*, 495 F.2d 785, 788 (7th Cir. 1974)). We therefore deny the motion.

We have considered Tuduj's remaining arguments, and none has merit.

AFFIRMED