In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2081

MARIA MERCEDES LOPEZ-GARCIA,
*et al.*,

*Petitioners*,

*v.*

WILLIAM P. BARR, Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
Nos. A206-450-595, A206-450-596, A206-450-597 and A206-450-598.

ARGUED DECEMBER 2, 2019 — DECIDED AUGUST 11, 2020

Before SYKES, *Chief Judge,* and BAUER and EASTERBROOK, *Circuit Judges*.

BAUER, *Circuit Judge.* Maria Lopez-Garcia and her three minor children, Luisa, Wendy, and Rolando Lopez-Lopez are natives and citizens of Guatemala. We consider whether the

Board of Immigration Appeals (BIA) abused its discretion in denying their motions to reconsider and reopen. Upon review, we find no abuse of discretion by the BIA and deny the petition.

## I. BACKGROUND

In 2008, Lopez-Garcia's husband, Arnoldo Rene Lopez-Lopez, left for the United States to pursue economic opportunity. In May of 2014, Lopez-Garcia and her children entered the United States without valid entry documents. Immigration enforcement officers apprehended them. An asylum officer found that she demonstrated a credible fear of persecution or torture in Guatemala. Lopez-Garcia and her children were placed in removal proceedings under 8 U.S.C. § 1229a. Lopez-Garcia, with counsel, filed an I-589 application for asylum listing her three children as derivative beneficiaries.

In her affidavit and at the hearing, Lopez-Garcia shared her experience of being a single mother in Guatemala. After her husband left for the United States, he sent her a money order each month, which she cashed at the bank. The journey to the bank involved an hour walk through mountains, along cliffs, through a forest on unpaved paths, and a bus ride that would take her into town. In 2013, Lopez-Garcia and her mother noticed two men in front of the bank looking at them and believed the men were following them.

Over the next year, Lopez-Garcia received three telephone calls from an unidentified male caller demanding money. On the first call, the man threatened to find out where she lived and harm her. On the second call, he asked her for 25,000 Guetzales and threatened to find out where her children went

to school. She reported the call to the police and took her children to live with her parents. The third time the man called, he asked for 50,000 Guetzales. The man said he knew her husband was in the United States and threatened to kidnap her children or kill her and her children. In April of 2014, Lopez-Garcia and her three children left for the United States.

In July of 2017, the Immigration Judge found that the threats made against Lopez-Garcia and her children in Guatemala did not qualify as past persecution. The Immigration Judge did not find her membership in the proposed particular social group of "Guatemalan females living with her children alone in their country, as their husbands had migrated to the United States and are not able to support or protect themselves and their children" to be the persecutory motive of the men in front of the bank or the caller. Furthermore, Lopez-Garcia did not show that the Guatemalan government was unwilling or unable to protect her and she did not show a well-founded fear of future harm. The Immigration Judge denied the application for protection under the Convention Against Torture.

Lopez-Garcia appealed in September 2018 and the BIA affirmed the Immigration Judge's decision. In October, Lopez-Garcia moved for reconsideration. While the motion to reconsider was still pending, Lopez-Garcia filed a timely motion to reopen her case. In 2019, the BIA denied both motions and held that she rehashed the same arguments already considered and that it considered all the evidence and the additional new evidence was not material to the BIA's assessment. This petition for review followed.

## II.  DISCUSSION

Petitioners raise additional arguments than they raised before the BIA. Aliens must raise their arguments before the BIA in order to be reviewed upon appeal. 8 U.S.C. § 1252(d)(1). Given there was no review of a petition for the underlying removal order, arguments that Petitioners make now are not adequately preserved. *FH-T v. Holder*, 723 F.3d 833, 841 (7th Cir. 2013) ("[A]n alien must exhaust all administrative remedies available to the alien as of right, … and this includes the obligation first to present to the Board any arguments that lie within its power to address." (internal quotation marks omitted)). The purpose of exhausting all administrative remedies available before the BIA is to allow the BIA to apply their "specialized knowledge and experience" in this legal area, which then lends us "reasoning to review." *Minghai Tian v. Holder*, 745 F.3d 822, 826 (7th Cir. 2014).

Pursuant to 8 C.F.R. § 1003.2, a motion to reconsider or a motion to reopen is within the discretion of the BIA. We have jurisdiction to review the motions to reconsider and reopen. We review the BIA's denial of a motion to reconsider and a motion to reopen for abuse of discretion. *See Mungongo v. Gonzales*, 479 F.3d 531, 534 (7th Cir. 2007) (motion to reconsider); *Salim v. Holder*, 728 F.3d. 718, 720 (7th Cir. 2013) (motion to reopen). We will not overturn the BIA unless their decision is "made without a rational explanation, inexplicably departed from established polices, or rested on an impermissible basis." *Salim*, 728 F.3d at 720 (citing *Awad v. Ashcroft*, 328 F.3d 336, 341 for a motion to reopen; *see also Mungongo*, 479 F.3d at 534 (citing *Singh v. Gonzales*, 404 F.3d 1024, 1027 (7th Cir. 2005) for a motion to reconsider)).

In regard to Petitioners' motion to reconsider, they essentially rehashed the same arguments already considered by the BIA, which include being targeted because of membership in the particular social group proposed. While three threatening calls from an unidentified male were made over several months, Petitioners were not physically harmed. Furthermore, Petitioners failed to show that relocation within Guatemala to avoid harm was unreasonable or that a person acting in official capacity in Guatemala will acquiesce to torture inflicted by criminals who threatened but never harmed Petitioners. Although the Petitioners disagreed with the BIA's decision, "motions to reconsider … are not replays of the main event." *Rehman v. Gonzales*, 441 F.3d 506, 508 (7th Cir. 2006). Upon our review, we find no legal or factual defect, oral argument or aspect of the case, that was overlooked or downright unreasonable. The BIA has shown that they have considered all of the merits before denying the Petitioners' motion to reconsider.

In regard to a motion to reopen, the BIA has broad discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992). "A motion to reopen proceedings shall state the new facts that will be proven at a hearing." 8 C.F.R. § 1003.2(c)(1). "A motion to reopen proceedings shall not be granted unless it appears to the Board that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id*. Here, the Petitioners argue that reopening is warranted based on what they perceived as new material evidence of the conditions in Guatemala. However, the additional information submitted offered no new material evidence. It only contributed to the evidence that Guatemala continues to have widespread violence and

crime, but it did not address the deficiencies of their claims. The additional information did not change the assessment that the fears suffered by the Petitioners supported asylum.

### III.  CONCLUSION

The Petitioners are unable to show that the BIA's decision in denying their motions to reconsider and reopen is an abuse of discretion. Therefore, the petition for review is DENIED.