In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 24-1602 & 24-2004

TARLOCHAN SINGH,

*Petitioner*,

*v.*

PAMELA J. BONDI,
Attorney General of the United States,[*]

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals.
No. A200-775-574

ARGUED FEBRUARY 25, 2025 — DECIDED JULY 18, 2025

Before SYKES, *Chief Judge*, and KIRSCH and JACKSON-AKIWUMI, *Circuit Judges*.

JACKSON-AKIWUMI, *Circuit Judge*. Tarlochan Singh petitions for review of a Board of Immigration Appeals decision

---

[*] Pamela J. Bondi replaced Merrick B. Garland as Attorney General and is substituted as the respondent. *See* FED. R. APP. P. 43(c)(2).

denying his motion to reopen immigration proceedings and reissue an earlier decision upholding his removal order. Singh had missed the thirty-day statutory deadline to petition for review of that earlier decision, so he sought to reset that thirty-day clock by requesting the order's reissuance. But the Board denied Singh's motion to reopen because he failed to fulfill the procedural requirements needed to bring such a motion. Because the Board was right on that point, we deny Singh's petition.[1]

## I

Tarlochan Singh is a forty-year-old Sikh man from India. For more than half a decade, he and his family repeatedly suffered violence because of his membership in and work for the Shiromani Akali Dal Mann political party. Finally, after members of the Indian National Congress party beat and hospitalized Singh in April 2010, Singh fled India. He arrived in the United States without authorization two months later. Within weeks, the Department of Homeland Security issued Singh a Notice to Appear in a removal proceeding, charging him with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I). In

---

[1] Singh also seeks review of the Board's denial of a motion to reconsider that he filed while this first petition was pending. The Board denied that motion because it was number barred.

We granted Singh's request to consolidate the two petitions. Yet, Singh abandoned his second petition when he failed to present an argument about that petition in his briefs and at oral argument. Accordingly, we conclude that he waived any challenge to that decision. *See Tuduj v. Newbold*, 958 F.3d 576, 579 (7th Cir. 2020) ("[A]rguments not raised in an opening brief are waived.").

response, Singh applied for asylum, withholding of removal, and protection under the Convention Against Torture on the grounds that he suffered politically and religiously motivated violence and torture in India.

After reviewing the evidence, an immigration judge denied Singh's applications in August 2017. The judge found his claims credible but reasoned that he did not suffer past persecution (because he suffered only cuts and bruises in his beatings) and did not establish a well-founded fear of future persecution (because he could avoid harm by relocating within India). She also reasoned that his lack of past persecution precluded a finding of past torture, and she described his fear of future torture as entirely speculative. Singh appealed the denial to the Board of Immigration Appeals, which found no error and affirmed the judgment on September 12, 2018. That decision kicked off a series of events that led to this appeal.

After the Board's affirmance, Singh worked to file a petition for review with our court. But the attorney who was on his case at the time, Amina Najib, did not have the resources to file one. So, Singh retained a new attorney referred to him by a friend. But that attorney, Gurpatwant Pannun, was not admitted to appear before this court and did not inform Singh of that fact. Still, Singh retained Pannun and paid him $2,500 up front without a contract. On October 5, 2018, Singh received an email with a copy of the petition for review and instructions to print, sign, and return it to Pannun. Pannun then mailed it to our court on October 9, 2018, but the mail carrier did not deliver it until October 22, 2018. The government moved to dismiss the petition for lack of jurisdiction on the grounds of timeliness because the petition was filed after the thirty-day deadline set forth in 8 U.S.C. § 1252(b)(1), which

would have been October 12, 2018. On December 14, 2018, we granted that motion and dismissed the petition.

Within days, Anas Ahmed, an attorney with Pannun's law firm, moved the Board to reopen and reissue its decision with a current date. The four-page motion argued that the petition for review would have been timely filed but for an unforeseeable mailing delay. The Board denied the motion in April 2019 because Singh admitted that he received the Board's 2018 decision in a timely manner and did not allege error by the Board.

Two months later, Singh filed a motion to reconsider—which he later clarified was a motion to reopen—through a new attorney. For the first time, Singh argued that Pannun rendered ineffective assistance of counsel in preparing and filing his first petition for review. Two years passed before the Board denied Singh's motion on four grounds: (1) it was untimely; (2) it was number barred; (3) any ineffectiveness it alleged was related to proceedings outside the Board's jurisdiction; and (4) it failed to present additional legal arguments, identify any changes in law, or point to an aspect of the case that the Board had failed to consider previously.

Undeterred, Singh again filed a petition for review with our court. In response, the government filed an unopposed motion to remand the matter to the Board so that the Board could consider the merits of Singh's ineffective assistance of counsel claim. We granted that motion and remanded the case.

Back on remand before the Board, the government filed a supplemental response in opposition to Singh's motion for reconsideration arguing that Singh had failed to meet the

procedural requirements for an ineffectiveness claim as set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Singh followed that with a detailed supplemental brief of his own. But his efforts floundered. The Board again denied Singh's motion in a written order filed in March 2024.

In that order, the Board explained that it denied Singh's motion because, among other reasons, Singh did not satisfy any of the three *Lozada* requirements. Singh then petitioned this court for review of the Board's decision. Because we agree with the Board that Singh failed to comply with the relevant procedural requirements, we deny his latest petition for review.

## II

We review the Board's decision to deny Singh's motions to reconsider and reopen for abuse of discretion. *Lopez-Garcia v. Barr*, 969 F.3d 749, 752 (7th Cir. 2020). "We will not overturn the [Board] unless their decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Id.* (cleaned). Our review of the petition for review is limited to the administrative record under 8 U.S.C. § 1252(b)(4)(A). Further, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" *Id.* § 1252(b)(4)(B).

We have held that "failure to comply with the procedural requirements for a valid motion to reopen 'alone is normally sufficient to overcome the contention that the denial of such a motion was an abuse of discretion.'" *Conti v. I.N.S.*, 780 F.2d 698, 701 (7th Cir. 1985) (citations omitted); *see also Patel v. Gonzales*, 496 F.3d 829, 831 (7th Cir. 2007) ("The BIA is free to deny

motions to reopen for failure to comply with *Lozada* as long as it does not act arbitrarily."). So, Singh's petition turns on whether he complied with the procedural requirements for an ineffective assistance of counsel claim before the Board.

Under *Lozada*, the Board requires movants like Singh to clear three procedural hurdles. They are:

> (1) submit an affidavit establishing that the movant had an agreement with counsel for representation and detailing its terms;

> (2) present evidence that the movant has given notice to counsel of the ineffectiveness claim and an opportunity to respond to the allegations, and include any response received from counsel; and

> (3) if counsel violated any ethical or legal obligations, show that the movant has filed a complaint with the governing disciplinary authorities or explain why the movant has not done so.

*See Jiang v. Holder*, 639 F.3d 751, 755 (7th Cir. 2011) (citing *Lozada*, 19 I. & N. Dec. at 639). The Board found that Singh failed to provide a detailed account of the actions counsel agreed to take on his behalf because the scope of Singh's agreement with Pannun remained unclear, even after considering Singh's affidavit and supporting documentation. The Board also found that Singh did not provide proof that he had filed the disciplinary complaint that he attached to his motion, and he did not allege that he had informed Pannun of the allegations.

Singh conceded at oral argument that he needed to satisfy all three *Lozada* requirements. We review Singh's compliance with each of the requirements below.

As for the first *Lozada* requirement—establishing a detailed attorney-client agreement and the subsequent deficiencies—we turn for guidance to *Patel*, where we dealt with a similar set of facts. In *Patel*, the Board found that Patel did not meet the first or second *Lozada* requirements because his affidavit did not allow the Board to ascertain the scope of work his attorneys had agreed to perform and there was no evidence that he actually notified the attorneys of his allegations. 496 F.3d at 830. This court explained that "the crux of the [Board]'s finding is that Patel did not explain what actions his prior counsel were hired to undertake—and the record supports that finding." *Id.* at 833. We reached that conclusion because Patel's "affidavits d[id] not reveal whether [Attorney A] or [Attorney B] (or both) was responsible for his case, nor do they clarify whether Patel retained [Attorney C] to file a motion to reopen." *Id.* That lack of clarity alone was fatal in *Patel*, and it is fatal here. Not only does Singh acknowledge that there was no contract (oral or written), he also fails to allege what exactly he retained Pannun to do. That shortcoming is important because the assertions in his affidavit are entirely consistent with an agreement that Pannun's firm ghostwrite and file a pro se petition for review—which is what it did.

We turn to the second *Lozada* requirement. Singh argues that merely filing a complaint with the disciplinary board satisfies this requirement. He cites no authority in support of this position, nor can we identify any. But *Patel* is again informative, and again to Singh's detriment. In that case, we noted that "Patel skipped over the first notification step and went

straight to the second, filing [disciplinary] complaints against former counsel just days before he filed his second motion to reopen" and then "never supplemented this motion with [his attorneys'] responses during the intervening three months before the [Board] ruled." 496 F.3d at 832. We faulted Patel for proceeding in this fashion, and we concluded that Patel failed to comply with the notification requirement. We see no reason to reach the opposite conclusion here.

Lastly, we do not need to decide whether Singh met the third *Lozada* requirement because he failed to meet the first two, and that is enough to deny the petition. *Patel*, 496 F.3d at 833 ("We could deny the petition based solely on Patel's failure to meet one *Lozada* requirement[.]"). Because Singh failed to comply with the procedural requirements, we conclude that the Board did not abuse its discretion in denying his motion to reissue the Board's earlier decision. *Conti*, 780 F.2d at 701.

## III

The petition for review is therefore **DENIED**.