**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1573
_____

DARREN GERMER BERNARD,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A034-316-716)
Immigration Judge:  Honorable Amit Chugh
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2016

Before:  GREENAWAY, JR., GREENBERG and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 3, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Darren Germer Bernard petitions for review of the Board of Immigration Appeals'

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

(BIA) order dismissing his appeal from an immigration judge's (IJ) decision denying his application for relief under the Convention Against Torture (CAT). For the reasons that follow, we will deny the petition.

Bernard, a citizen of Trinidad and Tobago, was admitted to the United States as a lawful permanent resident (LPR) in 1974. In 1991, he was convicted in New York state court of the criminal sale of a controlled substance in the fifth degree (cocaine) in violation of N.Y. Penal Law (NYPL) § 220.31, and unlawful possession of a controlled substance (marijuana) in violation of NYPL § 221.05. In 1995, Bernard traveled to Trinidad for one week to attend his grandmother's funeral; upon his return, he was detained and subsequently paroled into the United States for exclusion proceedings.[1] In 1997, Bernard was arrested for selling heroin; once released, he failed to appear for his arraignment. In 2011, he was convicted of the criminal sale of a controlled substance in the fifth degree, NYPL § 220.31, and bail jumping in violation of NYPL § 215.57, both stemming from his 1997 arrest.

In 2013, Bernard was charged with being inadmissible as an alien who has been convicted of a law of a state relating to a controlled substance pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II), and as an illicit trafficker in controlled substances, 8 U.S.C. § 1182(a)(2)(C). An immigration judge determined that Bernard's crimes were "serious" and that he was, therefore, ineligible for relief, other than for deferral of removal under

---

[1] For reasons unclear from the record, exclusion proceedings were not initiated until

the CAT.  See 8 U.S.C. §§ 1158(b)(2)(A)(ii) (an alien convicted of a "particularly serious crime" is ineligible to apply for asylum), 1231(b)(3)(B)(ii) (similar); 8 C.F.R. § 1208.16(d)(2) (aliens ineligible for cancellation of removal under § 1231(b)(3)(B) are ineligible for withholding of removal under the CAT).  Bernard's counsel conceded that Bernard's crimes were "serious" and that he was only eligible for relief under the CAT.  In his CAT application, Bernard maintained that, if he is returned to Trinidad, he will be persecuted by criminal gangs and Islamic extremists that, he alleged, the government there is either unable or unwilling to control.  In September 2015, the Immigration Judge (IJ) upheld the grounds for removal and denied Bernard's application for relief after determining that he was credible, but had not met his burden to prove that it was more likely than not that he will be tortured if removed to Trinidad.  The Board of Immigration Appeals (BIA) affirmed the removal order, and this petition for review ensued.

Although we have jurisdiction to review final orders of removal, see 8 U.S.C. § 1252, we generally lack jurisdiction over final BIA decisions "ordering removal based on the commission of an aggravated felony or a controlled substance offense."  Leslie v. Att'y Gen., 611 F.3d 171, 174 (3d Cir. 2010).  In such cases, our jurisdiction is limited to reviewing constitutional claims and pure questions of law.  Id.  Ineffective assistance of counsel during removal proceedings violates the Due Process Clause of the Fifth Amendment, and claims predicated on such ineffectiveness are reviewed de novo. Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007).

---

2013.

3

Bernard raised numerous ineffectiveness claims, arguing that his counsel failed to present certain evidence and pursue certain arguments at the immigration proceedings. To consider a claim for ineffective assistance of counsel, the BIA requires an alien to provide (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that he notified his counsel of the allegation of ineffectiveness and allowed counsel an opportunity to respond; and (3) a statement as to whether he filed a complaint with any disciplinary authority regarding counsel's conduct. See Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988); see also Fadiga, 488 F.3d at 155 (noting that the Lozada requirements are a "threshold" to obtaining consideration of ineffective assistance claims). We agree with the Board that Bernard failed to satisfy at least the first two requirements of Lozada.[2] Moreover, as the BIA properly concluded, even if he had complied, he cannot show that counsel's performance was deficient, or that he was prejudiced as a result of counsel's actions. See Fadiga, 488 F.3d at 159 (to establish

---

[2] In his motion for a stay, Bernard maintained that he filed a complaint "to the appropriate disciplinary authorities" regarding his counsel's ineffectiveness. Although he does not provide a copy of that complaint, the record includes a letter he wrote to the IJ – prior to his hearing – complaining that his counsel was not adequately representing him, and a letter to Bernard from the Executive Office for Immigration Review acknowledging receipt of a complaint against his attorney alleging professional misconduct at the immigration proceedings; the letter indicated that an investigation would be pursued. A.R. at 25, 534. Bernard thus arguably satisfied the third prong of Lozada. See Xu Yong Lu v. Ashcroft, 259 F.3d 127, 133-34 (3d Cir. 2001) (recognizing that strict compliance with the Lozada requirements is not required where their purpose is fully served by other means).

4

ineffectiveness, petitioner must demonstrate that, but for counsel's errors, there is a reasonable likelihood that the result of the proceeding would have been different).

Bernard first challenges the Board's finding that his counsel was not ineffective for failing to object to the grounds for Bernard's inadmissibility and his resulting ineligibility to apply for asylum and withholding of removal.[3]  Specifically, he argues that his 1991 conviction could not serve as the basis for his inadmissibility because the INS erroneously "paroled" him into the United States in 1995, after only a brief absence from the country, in violation of  Rosenberg v. Fleuti, 374 U.S. 449 (1963).  In Fleuti, the Court held that, under the former § 101(a)(13) of the Immigration and Naturalization Act (INA), LPRs were not required to seek "entry" upon their return from a brief trip abroad and thus face exposure to a charge of being inadmissible.  Id. at 461.  The doctrine of Fleuti was superseded by the Illegal Immigration Reform and Immigrant Responsibility

---

[3] To the extent Bernard sought to raise a direct challenge to his removability, the claim is waived.  Bernard's counsel conceded removability, and "[a]n alien is generally bound by the actions of his attorney," Calla-Collado v. Att'y Gen., 663 F.3d 680, 683 (3d Cir. 2011) (per curiam).  There is an exception to this rule where the case presents "egregious circumstances."  See In re Velasquez, 19 I. & N. Dec. 377, 382 (BIA 1986).  This exception "may apply to a concession that (1) was 'the result of unreasonable professional judgment,' (2) was so unfair that it produced an unjust result, or (3) was untrue or incorrect."  Guzman-Rivadeneira v. Lynch, 822 F.3d 978, 982 (7th Cir. 2016) (quoting and citing Velasquez, 19 I. & N. Dec. at 382-83); accord Santiago-Rodriguez v. Holder, 657 F.3d 820, 831-32 (9th Cir. 2011).  But see Hanna v. Holder, 740 F.3d 379, 387-88 (6th Cir. 2014) (viewing the third requirement noted above as merely a "threshold matter," and indicating that the alien must also show that one of the other two requirements has been met).  As the following analysis makes clear, there are no egregious circumstances which would allow for withdrawal of his concession of removability.

Act (IIRIRA), under which an alien departing the country, even briefly, must seek admission upon return. See Vartelas v. Holder, 132 S. Ct. 1479 (2012); see also Guzman v. Att'y Gen., 770 F.3d 1077, 1086 (3d Cir. 2014) ("Prior to IIRIRA, lawful permanent residents with a felony conviction were able to briefly travel abroad and return to the United States without applying for readmission."). Bernard argues that he "engaged in no criminal activity after IIRIRA's passage" in 1996, and his 1991 conviction could not serve as the basis for inadmissibility under Fleuti. But the record indicates that Bernard was initially detained upon reentry because of his failure to provide an I-551 card – his permanent resident card ("green card"), and not on the basis of his conviction. At that time, an alien was inadmissible if not "in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document." 8 U.S.C. § 1182(a)(7)(A) (1995).[4] Once he was detained, Bernard's criminal convictions were noted upon secondary review, and he was paroled into the country. Under both the INA and IIRIRA, temporary parole is not an admission. See 8 U.S.C. § 1182(d)(5). Accordingly, as the BIA correctly determined, Bernard's 2011 conviction for the criminal sale of heroin, by itself, makes him ineligible for relief other than for deferral of removal under CAT. As noted *supra*, this conviction was based on a December 1997 offense; accordingly, Bernard's alternative argument that his due process rights were violated

---

[4] Although the Attorney General had discretion to readmit an alien who was inadmissible under this provision, see 8 U.S.C. § 1181(b) (1995), such discretion was not exercised in Bernard's case.

6

because immigration proceedings on the 1991 conviction were not initiated prior to April 1, 1997, under the former § 242 of the INA, is of no avail. See also Perez v. Elwood, 294 F.3d 552, 562 (3d Cir. 2002) (holding that Congress "removed the possibility of § 212(c) relief for aliens who were convicted after . . . repeal of former INA § 212(c)").

There is no merit to Bernard's arguments that his counsel was ineffective for failing to argue that the convictions do not qualify as "aggravated felonies." Bernard was not found removable based on the commission of an aggravated felony, but rather on a conviction "relating to a controlled substance" and involving "illicit traffick[ing] in [a] controlled substance." Furthermore, Bernard failed to present any arguments before the Board or this Court to rebut the presumption that his drug trafficking offense was a "particularly serious crime." See In re Y-L, 23 I. & N. Dec. 270, 276-77 (BIA 2002). Nor was counsel ineffective in failing to seek a hardship waiver. See 8 U.S.C. § 1182(h) (providing Attorney General discretion to waive inadmissibility for certain *marijuana* offenses). There is also no merit to his contention that his counsel should have prepared the CAT application "to reflect [Bernard's] good moral character," as such evidence would have been irrelevant; rather, Bernard had to show a likelihood of torture by or with the acquiescence of the Trinidadian government. See 8 C.F.R. § 208.16(c)(2); Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002).

Bernard's remaining criticisms of his counsel's performance are insufficient to establish that he was prejudiced by his counsel's actions. Although his counsel did not present an expert witness, he did file numerous country reports and articles in an effort to

establish that conditions in Trinidad, particularly with respect to the kidnapping by gangs, amounted to torture. His failure to file the most recent country reports was remedied by the IJ, who had them made part of the record at the proceedings. As the Board concluded, the record fully supports the IJ's determination that Bernard's fear that he will be kidnapped is speculative. While the country is experiencing significant increases in kidnappings, the evidence does not suggest that they are so pervasive that Trinidadian officials may be presumed to approve of them. Indeed, the record indicates that there have been significant efforts to address the situation. See A.R. at 472 (The government of Trinidad has developed a "National Policy" with the "overarching aim [ ] to bring down crime significantly."); id. at 473 (indicating that 13.9% of the government budget is spent on security, including programs and initiatives to combat crime and violence, and to expand police capacity). The ineffectiveness claim was therefore properly denied.

Based on the foregoing, we will deny the petition for review. Bernard's motion for a stay of removal is denied as moot and his motion for the appointment of counsel is denied.