NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 3, 2018
Decided November 15, 2018

**Before**

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3578

| | |
|---|---|
| IGNACIO MEDINA-ARAUJO | Petition for Review of an Order of the |
| *Petitioner,* | Board of Immigration Appeals. |
| | |
| *v.* | No. A087-618-238 |
| | |
| MATTHEW G. WHITAKER, | |
| Acting Attorney General of the United | |
| States, | |
| *Respondent.* | |

## O R D E R

Ignacio Medina-Araujo, a Mexican citizen, petitions for review of the Board of Immigration Appeal's denial of his motions to reconsider and to reopen removal proceedings to seek relief under the Convention Against Torture. Because the Board did not abuse its discretion in denying the motions, we deny the petition for review.

Medina-Araujo unlawfully entered the United States as a child and settled with his family in Chicago. As a teenager, Medina-Araujo joined the Maniac Latin Disciples, a Chicago-based Latino gang with ties to Mexico.

Medina-Araujo's involvement with immigration officials stemmed from his criminal convictions and gang activities. In 1991 and later in 2002, Medina-Araujo was convicted on several drug charges. Medina-Araujo asserted that because of his affiliation with the Disciples, FBI officials approached him in 2009 while he was on supervised release. They offered him legal status under an S-visa in exchange for his cooperation in prosecuting other gang members. (The S-visa program gives legal status to otherwise inadmissible or deportable aliens who act as informants or witnesses in the prosecutions of criminal organizations.) For a two-year period, Medina-Araujo went undercover, wearing hidden cameras and participating in dozens of "controlled buys" of drugs and guns. He also testified before ten federal grand juries and participated in one state grand-jury proceeding. But Medina-Araujo said that authorities later withdrew their promise of an S-visa, telling him there were not enough visas to go around. The FBI did offer him witness protection, which he declined.

Medina-Araujo's cooperation with law enforcement made him an enemy of the gang. He began receiving anonymous phone messages from individuals threatening to kill him for betraying "black and blue" and a known Disciples gang member once followed him on the street.

In late 2016, Medina-Araujo was placed in removal proceedings and found removable as an alien convicted of an aggravated felony. (He was convicted in 1991 for delivery of a controlled substance and in 2002 for conspiracy to possess with intent to distribute a controlled substance and possession of a firearm by a felon.) His case was referred to the immigration court, where he applied for asylum, withholding of removal under the Immigration and Nationality Act, and protection under the Convention Against Torture ("CAT"). Medina-Araujo later acknowledged that his criminal history disqualified him from all forms of relief except deferral of removal under CAT.

The immigration judge denied Medina-Araujo's application, finding that the evidence did not show a substantial risk of torture if Medina-Araujo were removed to Mexico. The judge acknowledged Medina-Araujo's concern about gang retaliation for being an informant, yet the judge concluded that this risk was speculative given that Medina-Araujo had not received any threats from anyone in Mexico and has no ties to Mexico.

With new counsel, Medina-Araujo appealed the immigration judge's decision to the Board. The sole issue on appeal was whether Medina-Araujo met his burden of proof to show that he faced a substantial risk of torture if he were removed to Mexico. The Board's decision mirrored that of the immigration judge's; it acknowledged Medina-Araujo's fears of retaliation but concluded that he did not meet his burden of proof for protection under CAT.

Rather than filing a petition for review directly with this court, Medina-Araujo filed motions with the Board to reconsider and reopen the proceedings, presenting both motions in a single filing. In his motion to reconsider, he disputed the Board's finding that he lacked sufficient ties to Mexico to establish a substantial risk of torture. He also argued that the government violated his substantive due-process rights when it induced his participation in dangerous undercover investigations through a promise of legal status. He relied on *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 197 (1989), in which the *Deshaney* petitioner similarly argued that the State has an affirmative duty to protect a person from harm when the State knows about the danger the person faces (here the danger of gang retaliation) and announces its intent to protect him from that danger. Medina-Araujo also invoked the "state-created danger" doctrine, based in part on *Deshaney*, contending that the State's affirmative duty to protect him is particularly appropriate here because the danger of gang retaliation is the direct result of the State's action in inducing his cooperation.

In his motion to reopen, Medina-Araujo asserted that his counsel was ineffective. He explained that his former counsel "impermissibly" substituted—without his consent—another (and in his view, incompetent) attorney 48 hours before his hearing with the immigration judge. He also argued that his former counsel failed to subpoena several "critical witnesses"—law enforcement officers as well as his brother—to testify about his cooperation and the country conditions in Mexico.

The Board denied both of Medina-Araujo's motions. Regarding the motion to reconsider, the Board reaffirmed its conclusion that there was no objective evidence that a gang or anyone else in Mexico actively was seeking to torture him and recited language in *DeShaney* that the Fifth Amendment's due-process protections do not impose an obligation on the State to "guarantee [] certain minimal levels of safety and security." 489 U.S. at 195. The Board rejected the motion to reopen based on ineffective assistance of counsel because Medina-Araujo failed to comply with the procedural requirements listed in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), specifically the need to give former counsel notice of the allegations against him and an opportunity to

respond. Medina-Araujo presented a photocopy of his Illinois Bar complaint form, the Board acknowledged, but that document was not evidence that he, in fact, filed the complaint and put former counsel on notice. The Board also concluded that he failed to demonstrate prejudice in his counsel's decision not to call witnesses.

Medina-Araujo appealed the denial of his motions to this court.

## I.        Motion to Reconsider

First, Medina-Araujo contends that the Board abused its discretion in dismissing his motion to reconsider by overlooking his arguments that demonstrate his ties to Mexico. He emphasizes three connections: his interactions, while in federal custody, with Mexican gang members who later were removed to Mexico; law enforcement's inability to conceal his role as an informant from gang members facing removal to Mexico; and the link between Chicago and Mexican street gangs, reflected by the death of a friend in Chicago, allegedly at the hands of Mexican gang members.

That evidence does not warrant reconsideration. To succeed on a motion to reconsider, the movant must show that the original decision was erroneous in light of "additional legal arguments, a change of law, or an argument that was overlooked earlier." *Patel v. Gonzales*, 442 F.3d 1011, 1015 (7th Cir. 2006) (internal citation omitted); *see also* 8 C.F.R. § 1003.2(b)(1) (requiring movants to "specify[] the errors of fact or law in the prior Board decision"). Medina-Araujo cannot point to any such errors or changes. The Board appropriately acknowledged Medina-Araujo's concerns about retaliation when it addressed the evidence of his connections with gang members and concluded that the evidence failed to demonstrate that anyone in Mexico was "actively seeking him." In raising his arguments once more, Medina-Araujo was inappropriately "rehashing previously rejected arguments." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). Medina-Araujo's reliance on his friend's murder is similarly unavailing because a request for relief under CAT requires him to demonstrate an *individualized* risk of harm and a likelihood of being "singled out." *Munoz-Avila v. Holder*, 716 F.3d 976, 982–83 (7th Cir. 2013). His friend's death fails to demonstrate his individual harm or establish his ties to Mexico.

Medina-Araujo also argues that the Board committed a legal error by failing to recognize that due process entitled him to an "affirmative duty of care" when authorities induced his cooperation in undercover investigations with the promise of a visa, which he did not receive. The Board noted that Medina-Araujo relied on a case that expressly limits the State's duty to protect people only if they are in physical

custody or in institutionalized settings, therefore it did not legally err or abuse its discretion in rejecting this argument. *See DeShaney*, 489 U.S. at 200. It is troubling that authorities induced an undocumented immigrant to compromise his safety to provide substantial assistance to authorities with only empty promises of legal status. Yet the State's affirmative duty to protect arises only when the State restrains a person's freedom through state-ordered custody or similar restraints on liberty. *Id*.

## II. Motion to Reopen

Medina-Araujo next argues that the Board wrongly denied reopening based on his claim of ineffective assistance of counsel because he complied with the procedural requirements under *Matter of Lozada* for bringing an ineffective-assistance claim in an immigration proceeding. Under *Lozada,* the movant must (1) submit an affidavit detailing the scope of his former counsel's representation; (2) provide evidence that his former counsel had notice of the ineffectiveness claim and an opportunity to respond; and (3) if the attorney violated ethical or legal obligations, show that the movant filed a complaint with the disciplinary authorities or explain why he has not done so. *See Matter of Lozada*, 19 I&N Dec. at 639; *see also Guzman-Rivadeneira v. Lynch*, 822 F.3d 978, 981 (7th Cir. 2016). By supplementing his motion with his complaint form to the Illinois disciplinary board and an affidavit detailing his agreement with former counsel, Medina-Araujo asserts that he complied with *Lozada*. The government counters that Medina-Araujo waived this *Lozada* argument by barely referencing it in his opening brief. We do not think that the argument was waived because a party must only "generally challenge" the arguments, *see Bernard v. Sessions*, 881 F.3d 1042, 1048 (7th Cir. 2018), which Medina-Araujo did here.

In any case, the ineffective-assistance claim fails because Medina-Araujo did not meet his heavy burden to show an abuse of discretion. *See Jiang v. Holder*, 639 F.3d 751, 755 (7th Cir. 2011). Medina-Araujo failed to comply with the mandatory procedural requirements for launching his claim; specifically, he did not provide adequate notice to his former counsel or an opportunity to respond. The only evidence Medina-Araujo provides to establish notice is the copy of the complaint he filed with the Illinois Bar. But a complaint filed with the disciplinary board is insufficient to establish notice under *Lozada* because the filing itself does not prove that the attorney actually received notification of the complaint. *See Marinov v. Holder*, 687 F.3d 365, 369 (7th Cir. 2012). Medina-Araujo tries to remedy this shortcoming by attaching (to his motion for an emergency stay before this court) his former attorney's response to the complaint. But counsel's response was not before the Board, so we cannot consider it on appeal.

*See Patel v. Gonzales*, 496 F.3d 829, 832 (7th Cir. 2007). Even if he complied with *Lozada*, the Board properly noted that Medina-Araujo's ineffective-assistance claim still fails because he did not demonstrate prejudice.

Medina-Araujo's remaining arguments are also meritless. For instance, he points out that our sister circuits have rejected strict compliance of *Lozada* in favor of substantial compliance with one or more of the *Lozada* requirements. *See Barry v. Gonzales*, 445 F.3d 741, 746 (4th Cir. 2006) (citing cases). We have rebuffed this argument, however, concluding that "satisfying the requirements of *Lozada* is a *necessary condition* to obtaining reopening on the basis of ineffective assistance of counsel." *Jiang*, 639 F.3d at 755 (emphasis added). He also proposes that he is exempt from *Lozada's* requirements because the last-minute substitution of a new attorney and the failure to subpoena "critical witnesses"—as was done here—should be considered per se ineffective assistance. Medina-Araujo failed to raise this argument before the Board, though, so he failed to exhaust his administrative remedies. *Marinov*, 687 F.3d at 369–70. And, in any case, we have not recognized an exception to the procedural requirements under *Lozada*. *See id*.

The Board did not err in denying the motions, therefore we **DENY** the petition for review.