**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1887
_____

ERNST FRANCOIS,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A041-582-833
U.S. Immigration Judge: Mirlande Tadal
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 7, 2022

Before: GREENAWAY, JR., SCIRICA and COWEN[*], *Circuit Judges*.

(Filed: July 19, 2022)
_____

OPINION[**]
_____

---

[*] The Honorable Robert E. Cowen assumed inactive status on April 1, 2022, after the conference in this case, but before the filing of the opinion. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Petitioner Ernst Francois appeals the decision of the Board of Immigration Appeals (the "Board") denying his motion to reopen proceedings, which had previously resulted in a Final Order of Removal. Because the Board did not abuse its discretion in relying on his prior counsel's concession of removability, we will deny his motion to reopen.

I.

Francois is a native and citizen of Haiti, who was admitted to the United States as a lawful permanent resident on March 12, 1988. Francois attended high school in New Jersey, and now has four U.S.-citizen children. Since coming to the United States, Francois has been arrested twelve times and convicted eight times. Most relevant for this appeal are three convictions from 1999 and 2003. On April 8, 1999, Francois was convicted of Possession of a Controlled Dangerous Substance with Intent to Distribute Within 1,000 feet of School Property, N.J. Stat. Ann. § 2C:35-7. He was sentenced to 364 days in jail and three years' probation. On December 19, 2003, Francois was convicted of Reckless Manslaughter, N.J. Stat Ann. § 2C:11-4(b)(1) and Unlawful Possession of a Weapon (Handgun), N.J. Stat. Ann. § 2C:39-5(b). He was sentenced to eighteen years' imprisonment for the reckless manslaughter charge, and five years for the unlawful possession of a weapon charge. While Francois was still imprisoned as a result of these convictions, on January 5, 2017, DHS issued him a notice to appear alleging he was removable under 8 U.S.C. § 1227(a)(2)(C) by virtue of the 2003 unlawful possession of a weapon conviction. And on March 10, 2017, ICE issued Francois a charge of

inadmissibility under 8 U.S.C. §§ 1227(a)(2)(B)(i) and 1227(a)(2)(A)(iii) in connection with his 1999 controlled substance charge.

On October 5, 2017, Francois appeared with counsel before an immigration judge and conceded his 1999 and 2003 convictions rendered him removable under 8 U.S.C. §§ 1227(a)(2)(C) and 1227(a)(2)(B)(i). He only argued he was not deportable under Section 1227(a)(2)(A)(iii), because his 1999 conviction did not constitute an aggravated felony. On March 28, 2017, the Immigration Judge found the 1999 drug conviction constituted an aggravated felony, and thus sustained the charge of removability under Section 1227(a)(2)(A)(iii).

At these two hearings, Francois was represented by Macx L. Jean-Louis. Jean-Louis failed to appear for the next two scheduled hearings on May 9 and June 28, 2018. Francois told the Immigration Judge that, while he had been in contact with Jean-Louis as recently as May 7, 2018, he had "no idea" why the attorney failed to appear for these hearings. Certified Administrative Record at 307–08, *Francois v. Garland*, No. 21-1887 (3d Cir. May 24, 2021) ("Admin. Rec."). After the June 28, 2018 hearing, upon Francois's request, the Immigration Judge removed Jean-Louis as counsel of record, and Francois continued pro se.[1] Francois also made applications for asylum, withholding of removal, relief under the Convention Against Torture, and cancellation of removal.

On November 19, 2018, the Immigration Judge held a merits hearing on Francois's applications for relief. Principally, Francois testified that his stepfather was a

---

[1] Francois later retained new counsel, who continues to represent him in this appeal.

member of the Tonton Macoute, a militia that supported Jean-Claude Duvalier's regime. Francois also claimed his stepfather put Francois's name in a list of Tonton Macoute members at some point, even though Francois never attended any Tonton Macoute meetings or activities. However, Francois admitted he had never seen this list himself. Francois also testified that when he was ten years old, a group of people he believed were opposed to the Touton Macoute came to Francois's house and beat and burned his stepfather to death. A few years thereafter, when Francois was thirteen years old, he fled Haiti with his mother. Francois explained he would be in danger if he returned to Haiti because the post-Duvalier government and citizenry are still persecuting former Tonton Macoute members and their families.

On December 21, 2018, the Immigration Judge denied Francois's applications and ordered his removal to Haiti. Specifically, the Immigration Judge found that Francois was not credible, given various inconsistencies and exaggerations in his testimony. Moreover, the Immigration Judge concluded that Francois's 1999 conviction was a categorical aggravated felony drug trafficking offense, and thus a particularly serious crime rendering him ineligible for asylum and withholding of removal. With respect to Francois's Convention Against Torture application, the Immigration Judge concluded Francois failed to demonstrate that government officials or Haitian civilians were actively torturing family members of the Tonton Macoute. And even if they were, Francois failed to demonstrate that he would be identified as, or related to, a Tonton Macoute. Accordingly, the Immigration Judge denied relief under the Convention Against Torture.

Francois appealed this decision to the Board. He argued the Immigration Judge

4

failed to properly consider the evidence and applied an incorrect standard in evaluating his Convention Against Torture application. He also raised a conclusory ineffective assistance of counsel claim. Notably, Francois did not challenge the Immigration Judge's determination that his convictions rendered him removable and ineligible for asylum and withholding of removal. Nor did he take issue with his prior counsel's October 5, 2017 admission of removability or the Immigration Judge's reliance on this admission. On May 21, 2019, the Board rejected each of Francois's arguments and affirmed the decision of the Immigration Judge. With respect to the ineffective assistance claim specifically, the Board found Francois failed to explain the nature of his claim and failed to meet the threshold requirements for establishing a claim of ineffective assistance under *In re Lozada*, 19 I&N Dec. 637 (B.I.A. 1988). Francois filed a petition to us seeking review of this decision.

Meanwhile, on August 13, 2020, Francois filed a motion to reopen with the Board. In light of this motion, the parties jointly moved for us to dismiss his pending appeal. We granted this motion on August 24, 2020. Francois advanced several new arguments in his motion to reopen. Most notably, Francois argued for the first time that none of his convictions constitute removable offenses, and thus he was not removable at all. Accordingly, he requested that the Board reopen and terminate the proceedings, or in the alternative remand to an immigration judge for consideration of his application for cancellation of removal.

On April 23, 2021, the Board denied the motion to reopen. With respect to Francois's removability, the Board did not address the substance of Francois's argument.

5

Instead, the Board found that his prior counsel had conceded removability under 8 U.S.C. §§ 1227(a)(2)(C) and 1227(a)(2)(B)(i), and there were no "egregious circumstances" that would justify ignoring this concession. Admin. Rec. 4. Francois now appeals this decision to us.

## II.

We have jurisdiction to review the Board's final order of removal under 8 U.S.C. § 1252(a)(1). To succeed on a motion to reopen, a petitioner must produce objective evidence showing a reasonable likelihood that he is entitled to relief. *Darby v. Att'y Gen. of U.S.*, 1 F.4th 151, 160–61 (3d Cir. 2021). "As a general rule, motions to reopen are granted only under compelling circumstances." *Id.* at 159 (quoting *Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir. 2004)). Accordingly, we review the Board's denial of a motion to reopen for abuse of discretion. *Contreras v. Att'y Gen. of U.S.*, 665 F.3d 578, 583 (3d Cir. 2012). We reverse only if the Board's decision was "arbitrary, irrational, or contrary to law." *Id.*

"An alien is generally bound by the actions of his attorney." *Calla-Collado v. Att'y Gen. of U.S.*, 663 F.3d 680, 683 (3d Cir. 2011). This includes admissions of removability by an attorney, which are binding on the client absent a showing of "egregious circumstances." *In re Velasquez*, 19 I&N Dec. 377, 382 (B.I.A. 1986). This exception applies to only those concessions that were the result of "unreasonable professional judgment;" are so unfair that they produce an unjust result; or concessions that were untrue or incorrect. *Id.* at 383. This "narrow exception" is a "procedural doctrine that the Board has developed for exercise of the Board's own discretion."

6

*Guzman-Rivadeneira v. Lynch*, 822 F.3d 978, 981–83 (7th Cir. 2016).

Petitioner does not dispute that his prior counsel admitted on October 5, 2017 that his convictions rendered him removable under 8 U.S.C. §§ 1227(a)(2)(C) and 1227(a)(2)(B)(i).  Rather, he argues that he should not be bound by this admission because the Board misapplied *Velasquez*, prior counsel's admission was incorrect, and reliance on it would produce an unjust result.  None of Francois's arguments is persuasive.

Francois takes issue with the Board's characterization of the standard in *Velasquez*, arguing the Board read *Velasquez* to require "proof of ineffective assistance of counsel to overcome a concession of removability."  Petitioner's Br. 18.  Petitioner is incorrect.  The Board's phrasing, that Francois failed to show any egregious circumstances "such as ineffective assistance of counsel,"  makes clear they cited ineffective assistance of counsel as an example of such an egregious circumstance, not as the only potential egregious circumstance.  Admin Rec. 4.  We see no error in the Board's description of its standard.

Francois also claims the Board erred because it "failed to identify, discuss, or apply its enumerated exceptions to the rule."  Petitioner's Br. 18.  The Board's discussion of *Velasquez* was admittedly brief.  But this treatment of *Velasquez* was entirely appropriate given that in his brief on the motion to reopen, Francois did not argue that he should not be bound by his prior attorney's admissions.  Nor did he cite *Velasquez* or its standard.  Indeed, he failed to make any mention of his prior attorney's admissions.  Accordingly, the "failure" of the Board to sua sponte formulaically recite the exceptions

7

from *Velasquez* and analyze each in detail does not constitute an abuse of discretion. *See Guzman-Rivadeneira*, 822 F.3d at 983 ("We see no abuse of discretion or legal error, particularly since [Petitioner] is attacking the Board for not applying the *Velasquez* doctrine sua sponte.").

Francois further contends his attorney's admission of removability qualifies under the second or third exception enumerated by *Velasquez*, that the admission would produce an unjust result or that it was untrue or incorrect. But Francois's argument on this point does little more than repeat his substantive claim that his convictions under New Jersey law do not render him removable based on an application of the categorical approach. In effect, Petitioner claims his attorney made an unwise decision to concede an issue which he may have been able to argue.[2] But even if this were true, this fact alone does not evince any abuse of discretion on behalf of the Board in relying on this concession.

### III.

Because the Board did not abuse its discretion in relying on the admission of Francois's prior counsel in denying Francois's motion to reopen, we do not reach the arguments he makes regarding the application of the categorical approach to his prior convictions. Accordingly, we will deny his motion to reopen.

---

[2] Notably, Petitioner has not brought an ineffective assistance of counsel claim.